UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MARK BRAUN and DALLAS SHELTON individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>LOUISVILLE LADDER, INC.,<br><br>DEFENDANT. | CIVIL ACTION NO. 3:26-CV-665-RGJ |

**LOUISVILLE LADDER, INC.'S MOTION TO DISMISS**

In this putative class action, Plaintiffs allege that Defendant Louisville Ladder, Inc. designed, manufactured, marketed, distributed, and sold defective attic ladders and therefore should be held liable under multiple causes of action. Plaintiffs, however, fail to allege that they are in possession of any defective ladders, and instead predicate their claims upon the notion that they have suffered an economic injury because their ladders *may* be defective. The Court should dismiss Plaintiffs' claims in their entirety because Plaintiffs have not pled an injury sufficient to establishing standing to assert their claims, and so they have failed to state a claim upon which relief can be granted.

**BACKGROUND**

Louisville Ladder manufactures ladders, climbing equipment, and related safety products in Louisville, Kentucky, and distributes its products to retailers nationwide. *See* Company, LOUISVILLE LADDER (last visited Sept. 21, 2026), https://louisvilleladder.com/company/; Find a Retailer, LOUISVILLE LADDER (last visited Sept. 21, 2026), https://louisvilleladder.com/find-a-retailer/. Specifically, Louisville Ladder manufactures attic stairways with gas struts and ¼"

chrome-colored spreader bolts (the "Attic Ladders"). Safety Recall Notice, LOUISVILLE LADDER (last visited Sept. 16, 2026), https://atticstairwayrecall.expertinquiry.com/. In cooperation with the Consumer Product Safety Commission ("CPSC"), Louisville Ladder issued a voluntary recall for Attic Ladders that were manufactured on or before June 22, 2026. *Id.* Pursuant to the recall, if a consumer purchased a model of Attic Ladder that is subject to the recall, the consumer can register online to obtain a free repair kit consisting of replacement ¼" spreader bolts, washers, lock nuts, and installation instructions, which will address the potential defect. *Id.*

Plaintiffs Mark Braun and Dallas Shelton are individuals that purchased Attic Ladders subject to the recall. (Compl. ¶ 1, DN 1.) Plaintiffs assert multiple causes of action, including: (1) unjust enrichment/quasi-contract, (2) breach of implied warranties, (3) negligent misrepresentation, (4) violation of the Indiana Deceptive Consumer Sales Act, IND. CODE §§ 24-5-0.5-1 *et seq.*, (5) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505 *et seq.*, and (6) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 510 *et seq*. (*Id.* ¶¶ 69–141.) Plaintiffs' claims all arise from their central allegation that Louisville Ladder "designed, manufactured, marketed, distributed, and sold the [Attic Ladders] with a uniform defect that causes the bolts to break while in use during ordinary, foreseeable use, posing a serious risk of injury or death from the resulting fall hazard." (*Id.* ¶ 1.) What Plaintiffs fail to allege, however, is that they are actually in possession of a defective Attic Ladder. Louisville Ladder therefore moves this Court to dismiss Plaintiffs' claims because they have not alleged an injury sufficient to establish standing.

**STANDARD OF REVIEW**

Article III of the United States Constitution confines federal judicial power to actual cases and controversies, and the concept of standing enforces this constraint by "limit[ing] the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal

wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). To establish standing, a plaintiff must show: (1) that they suffered an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely be redressed by a favorable judicial decision. *Id.*; *Ward v. NPAS, Inc.*, 63 F.4th 576, 579 (6th Cir. 2023). The plaintiff (including one serving as the representative of a class action), as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Spokeo*, 578 U.S. at 338; *Speerly v. Gen. Motors, LLC*, 143 F.4th 306, 315 (6th Cir. 2025).

The injury-in-fact requirement requires a plaintiff to prove "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). For an injury to be concrete, it must be "de facto"; that is, it must be real and in existence, rather than abstract. *Spokeo*, 578 U.S. at 340. The "'mere risk of future harm, standing alone,' does not suffice for money-damages actions." *Speerly*, 143 F.4th at 314 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 436 (2021)).

**ARGUMENT**

Plaintiffs have failed to allege a concrete and particularized injury-in-fact sufficient to establish standing to assert the claims contained in their complaint. At best, they allege an economic harm associated with purchasing a potentially-defective Attic Ladder, claiming they can only be made whole by a full refund. (Compl. ¶ 31.) But this is nothing more than an allegation of potential risk of harm if Plaintiffs' Attic Ladders do, in fact, suffer from a defect. Plaintiffs' Complaint and their allegations are noticeably devoid of any allegation that *their* Attic Ladders were *actually* defective. Plaintiffs allege knowledge of only eleven Attic Ladders with broken bolts. (*Id.* ¶ 29.) None of those Attic Ladders belong to either Plaintiff. Accordingly,

the only injury asserted here is the money that Plaintiffs spent on an Attic Ladder that *could be* defective. That is not enough. *See Speerly*, 143 F.4th at 314.

In addition to the binding holding in *Speerly*, Judge Nalbandian's concurrence is particularly instructive here: "[t]his theory suffers from a simple, but essential, conceptual flaw. Even if a defect manifests in someone else's product, that doesn't affect whether the plaintiff's own product functions as promised." *Id.* at 353 (Nalbandian, J., concurring); *see also Johannessohn v. Polaris Indus., Inc.*, 9 F.4th 981, 988 (8th Cir. 2021) ("[P]laintiffs claiming economic injury do not have Article III standing in product defect cases unless *they* show a manifest defect." (emphasis added)); *In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, 97 F.4th 525, 530 (7th Cir. 2024) ("[I]n the context of defective products, it is not enough for a plaintiff to allege that a product line contains a defect or that a product is at risk for manifesting this defect . . . the plaintiffs must allege that their product actually exhibited the alleged defect." (citations omitted)). In other words, [i]t isn't until the plaintiff's own product manifests the defect that he is injured." *Speerly*, 143 F.4th at 353 (Nalbandian, J., concurring). Again, the hypothetical risk of an uncertain future harm is insufficient to establish a concrete and particular injury.

The situation here stands in contrast to cases in which a plaintiff alleges that his or her product is actually defective in some respect, not just that it could contain a defect. *See Tapply v. Whirlpool Corp.*, 148 F.4th 407, 411–12 (6th Cir. 2025) (holding that each plaintiff who experienced their oven range "actuating unintentionally" had pled an injury sufficient to establish standing); *Speerly*, 143 F.4th at 315 (determining that class representatives had standing because each had "testified that their vehicles 'manifested' one or both alleged defects"). In other words,

"when a consumer buys a defective product *and the defect manifests*, the consumer has suffered a concrete injury-in-fact." *Tapply*, 148 F.4th at 414 (emphasis added). This is not the case here.

The allegations in this matter more closely track those in *Hadley v. Chrysler Group, LLC*, 634 F. App'x 374 (6th Cir. 2015). In *Hadley*, Chrysler had issued a recall notice relating to a defect in certain vehicles' airbag systems where the airbag warning light would illuminate, and then almost immediately deploy the airbag. *Id.* at 375. The plaintiffs owned a vehicle in which the warning light illuminated, but the airbag never deployed, and the plaintiffs never alleged that the illumination was caused by the same defect subject to the recall. *Id.* at 375, 378. Nonetheless, the plaintiffs filed a class action against Chrysler and the manufacturer of the defective component, TRW. *Id.* at 375. Chrysler and TRW moved to dismiss on the basis that the plaintiffs did not plead an injury sufficient to establish standing, despite the plaintiffs' assertion that their injury stemmed from the diminished value of their vehicle, which the district court granted, and the Sixth Circuit affirmed. *Id.* at 375, 377–78. Like the plaintiffs in *Hadley*, Plaintiffs have not tied their alleged injury to the existence of any defect. Accordingly, they have failed to demonstrate an injury sufficient to establish standing to bring any claims.

Presumably, Plaintiffs will argue that Louisville Ladder conducted a voluntary recall necessarily implies their Attic Ladders are defective, but a recall alone does not establish a defect that could give rise to an injury stemming from an actual defect. Thus, courts have reinforced the principle that the existence of a recall is insufficient to constitute an injury for standing purposes. *Catalano v. Grimmway Enters., Inc.*, Case No. 7:24 CV 8817 (NSR), 2026 WL 710124, at *4 (S.D.N.Y. Mar. 13, 2026) ("[T]he existence of a recall alone does not establish that a particular unit of a product was defective or contaminated, and therefore does not, without more, establish standing."); *see Hadley*, 634 F. App'x 374 (holding that the plaintiffs did not

have standing in a matter where a recall had been issued); *In re Recalled Abbott Infant Formula Prods. Liab. Litig.*, 97 F.4th at 530 (affirming dismissal for lack of standing where plaintiffs allegedly purchased infant formula subject to a recall). Plaintiffs also appear to take issue with the suitability of the remedy provided by the recall. Plaintiffs' preference for a full monetary refund, rather than an actual repair of the existing Attic Ladders, does not mean that the recall was insufficient such that Plaintiffs have been injured by being saddled with a defective product and no remedy for it. *See Hadley*, 634 F. App'x at 376, 378 (holding that the repair of the alleged defect "removed the defect upon which the plaintiffs' diminished-value injury claim [was] based," even where there was a delay in receiving the repair). Simply stated, Plaintiffs have not alleged the requisite, concrete injury-in-fact to establish standing to allow them to assert the claims set forth in their Complaint.

## CONCLUSION

Standing is a threshold requirement for a lawsuit in federal court to proceed. Standing requires injury, not mere possibility. Plaintiffs have alleged only that their ladders *might* contain a defect because a recall notice was issued, which would entitle them to avail themselves of the product replacement offered in the recall. But the possibility of an unmanifested product defect that may not even be found in Plaintiffs' Attic Ladders does not allege an injury sufficient to permit a lawsuit. As Plaintiffs have failed to allege an injury sufficient to establish Article III standing, they have failed to state a claim upon which relief may be granted, and the Court should dismiss the Complaint in its entirety.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Ian T. Ramsey*
Ian T. Ramsey
Chadwick A. McTighe
Harlee P. Havens
**STITES & HARBISON PLLC**
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
iramsey@stites.com
cmctighe@stites.com
hhavens@stites.com

Counsel for Defendant, LOUISVILLE LADDER, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Leslie L. Pescia
Rachel N. Minder (admitted *pro hac vice*)
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
(212) 532-1091
lpescia@sirillp.com
rminder@sirillp.com

Kevin Laukaitis*
Andreas Moffett*
LAUKAITIS LAW LLC
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
(215) 789-4462
klaukaitis@laukaitislaw.com
amoffett@laukaitislaw.com

Christopher D. Jennings*
Daniel S. Tomascik (admitted *pro hac vice*)
JENNINGS & EARLEY PLLC
500 President Clinton Avenue, Suite 110
Little Rock, AR 72201
(501) 255-8569
chris@jefirm.com
dan@jefirm.com

*Attorneys for Plaintiffs and the Class*

* *pro hac vice submitted*

*/s/ Ian T. Ramsey*
Ian T. Ramsey